IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL NO. 23-11000


UNITED STATES OF AMERICA,
Plaintiff/Appellee,

vs.

DALLAS ROBINSON
Defendant/Appellant.


ON APPEAL FROM THE UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
CASE NO. 22-CR-239-WFJ-SPF

INITIAL BRIEF FOR APPELLANT DALLAS ROBINSON
PURSUANT TO *ANDERS TO CALIFORNIA*, 306 US 738 (1967)


Patricia Jean Kyle
CJA Counsel on Appeal
    for Dallas Robinson
36 Meadow Street
Florence, MA 01062
Phone: 305-484-0564
Email: patricia@kylecrimlaw.com
The Florida Bar No. 181993


23-11000

## <u>APPELLANT'S CERTIFICATE OF INTERESTED PERSONS</u>

COMES NOW Appellant, DALLAS ROBINSON, and in accordance with General Order 34 and the United States Court of Appeals for the Eleventh Circuit (Rev. 8/01/19), 11th Cir. R. 28-1 (b) and 11th Cir. R. 26-1-1, who hereby files his Certificate of Interested Persons of all persons and entities having an interest in the outcome of this litigation:

AURELIO, TRACEY, COURT REPORTER AT SENTENCING

CHEE, DAVID A.W., AUSA, OFFICE OF U.S. ATTORNEY

DOWNING, PAUL , OFFICE OF FEDERAL DEFENDER

FLYNN, HON. SEAN, U.S. MAGISTRATE-JUDGE

ROGER B. HANDBERG, OFFICE OF U.S. ATTORNEY

IRVIN, SYLVIA, OFFICE OF FEDERAL DEFENDER

JUNG, HON. WILLIAM, UNITED STATES DISTRICT JUDGE

KYLE, PATRICIA JEAN, APPELLANT'S CJA APPEAL COUNSEL

ROBINSON, DALLAS, #72077-018, APPELLANT

WRIGHT, ANGELA, APPELLANT'S CJA DISTRICT COURT ATTY.

Respectfully submitted,

C-1          */s/ Patricia Jean Kyle*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

This brief is filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel for Robinson is filing a Motion to Withdraw herewith. Counsel does not request oral argument and takes no position with respect to whether an oral argument would be appropriate in this appeal, and respectfully leaves the decision whether to schedule an oral argument to the sound discretion of the Court.

## TABLE OF CONTENTS

CERTIFICATE of INTERESTED PERSONS                C1 of 4

STATEMENT REGARDING ORAL ARGUMENT               i

TABLE OF CONTENTS                                ii

TABLE OF RECORD REFERENCES                       iv

TABLE OF CITATIONS                               vi

STATEMENT OF SUBJECT MATTER
  AND APPELLATE JURISDICTION                     1

    Appellants' Status of Incarceration         1

    Record References                           2

STATEMENT OF THE CASE AND FACTS                  2

    Proceedings and Disposition in the District Court   2

        The Sentencing                         6

            Statement Of Facts & Potential
            Arguable Issues                    6

            Issue 1                            7

            Issue 2                            11

        The Standards of Review for *Anders* Brief   17

SUMMARY OF THE ARGUMENT, ARGUMENT,
  AUTHORITIES AND DISCUSSION                     20

CONCLUSION                                                              22

CERTIFICATE OF COMPLIANCE WITH TYPE                  24
  STYLE AND WORD COUNT

CERTIFICATE OF SERVICE & ECF FILING                      24

iii

## TABLE OF RECORD REFERENCES IN BRIEF

| Brief Page # & Content | | Docket # |
|---|---|---|
| 3 | Indictment | 1 |
| 3,5,9,10 | PreSentence Invest. Rept. (SEALED) | 40 |
| 5,6,7,9 | Objections to PSR – Robinson | 43 |
| | Judgment & Commitment Order | 52 |
| 6 | Statement of Reasons –(SEALED) | 53 |
| 1,6 | Notice of Appeal – Robinson | 54 |
| 1,2 | COP Hearing Transcript | 62 |
| *passim* | Sentencing Hearing Transcript | 64 |

iv.

## <u>TABLE OF CITATIONS</u>

Citation                                                                Page

**<u>United States Supreme Court:</u>**

*Anders v. California,* 386 U.S. 738, 128 S. Ct. 586          i, 17, 18, 20-23

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586          18

*Jackson v. Virginia*, 433 U.S. 307, 99 S. Ct. 2781 (1979)          20

*Penson v Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346 (1988)          20

**<u>United States Courts of Appeal:</u>**

*United States v. Barrington*, 648 F.2d 1178 (11th Cir. 2011)   10

*United States v. Beckles*, 565 F.3d 832 (11th Cir. 2009)          19

*United States v. Bishop*, 940 F.3d 1242 (11th Cir. 2011)          10,11

*United States v. Blackwell*, 767 F.2d 1468 (11th Cir. 2085)   18, 20, 21

*United States v. Browne,* 505 F.3d 1229 (11th Cir. 2007)          18

*United States v. Dimitrovski*, 782 F.3d 622 (11th Cir. 2015)   10

*United States v. Gholston*, 932 F.2d 904 (11th Cir. 1991)          21

*United States v. Gonzalez*, 550 F.3d 1319 (11th Cir. 2008)          19

*United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010) (*en banc*) 19

*United States v. McCaskill*, ___ F.3d ___ (11th Cir.
Case 21-11144, decided March 15, 2022)          19

*United States v. Martinez*, 964 F.3d 1329 (11th Cir. 2020)    19

*United States v. Ramirez Gonzalez* 755 F.3d 1267
                                    (11th Cir. 2015)    19

**<u>Statutes, Rule & Miscellany:</u>**

18 U.S.C. § 922(g)(1)    1,2,6,8

18 U.S.C. § 924(a)(2)    1,2,5,6,13

18 U.S.C. § 3231    7, 13, 18

28 U.S.C. § 1291    1

USSG § 2K2.1(b)(6)(B)    6,8

USSG § 4A1.1(d)    4

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

Robinson appeals from final judgment entered on March 14, 2023 from the Middle District of Florida on his conviction following a plea of guilty to one Count of unlawful transport of firearms in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (DE. 52, 62 [Change of Plea transcript]). Robinson was sentenced on March 13, 2023 to a total of 66 months incarceration consecutive to an existing previous term of imprisonment in case 19-cr-176-MSS-AEP, Middle District of Florida. (DE. 64 [Sentencing transcript]). Robinson's Notice of Appeal was timely filed on March 24, 2023. (DE. 54). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. Section 1291. The Middle District of Florida had jurisdiction over the matter under 18 U.S.C. § 3231.

### Appellant's Status of Incarceration

Appellant Robinson presently is incarcerated at USP Coleman.

### Record References

In this brief, references to documents and transcripts in the Record on Appeal will be denoted as DE. for docket entry followed by the

docket number, and then as necessary, page number(s) within document or transcript.

## STATEMENT OF THE CASE

### Course of Proceedings and Disposition in the District Court

Robinson appeals from final judgment entered on March 14, 2023 from the Middle District of Florida on his conviction following a change plea to guilty on one Count of unlawful transport of firearms in violation of 18 U.S.C. 922(g)(1). (DE. 52, 62 [Change of Plea transcript]).

On December 14, 2022 Robinson entered a Change of Plea to guilty without a Plea Agreement before United States Magistrate-Judge Flynn. (DE. 62 at 3). At that hearing, Robinson was sworn and advised of the necessity of telling the truth and consequences. (*Id* at 5). Judge Flynn then discussed Robinson's background and physical, mental and medical condition with and determined that Robinson was competent and able to assist with his own defense. (*Id* at 6-7). Robinson agreed to have Judge Flynn take his change of plea, and Robinson stated that he was satisfied with his attorney, CJA counsel Ms. Wright. (*Id* at 8-

9).   Judge Flynn carefully advised Robinson of his rights under the Constitution and laws of the United States and of the consequences to him of pleading guilty. (*Id* at 10-12). Judge Flynn then told Robinson of the details of the charges in the Indictment; he told Robinson of the elements that the Government would have to prove, and there was a discussion of Robinson's prior felony conviction. (*Id* at 13-14).   The judge advised Robinson of the statutory penalties and requirements of supervised release, and he explained procedures that would follow Robinson's guilty plea. (*Id* at 16-18).   The Government next advised Judge Flynn of the facts of the case and Robinson was asked if those facts were true.   Robinson replied, "Yes Sir." (*Id* at 18-19). The judge determined that Robinson was not coerced to plead guilty and that he was, in fact, guilty, and Judge Flynn recommended that the district court accept Robinson's guilty plea. (*Id* at 19-21).

A PreSentence Investigation Report was prepared, and the Base Offense Level was determined to be 14 owing to Robinson's previous felony status. (DE. 40 at 6 ¶17).   Because Probation found that Robinson possessed a firearm while also possessing controlled substances, the Offense Level was increased by 4 which brought

Robinson's Adjusted Offense Level to 18.  (DE. 40 at 12 ¶35, 36). Robinson's attorney objected, in writing, to the application of these 4 levels (DE. 40 at Addendum 2  re: ¶18). Robinson's attorney objected, in writing to Probation and orally at sentencing, to the application of these 4 levels. (DE. 40, 43).  Probation next deducted 3 levels for acceptance of responsibility, and this brought Robinson's Total Offense Level to 15.  (DE. 40 at 6 ¶¶25, 26, 27).

Probation next determined Robinson's Criminal History Level and added 3 points for Robinson's prior firearm possession conviction and Violation of Supervised Release in case 19-cr-176-MSS, Middle District of Florida. (DE. 40 at 11 ¶33).  Probation also added 2 points for Robinson's firearm conviction in Hillsborough County Circuit Court in case 22CF486. (DE. 40 at 12 ¶34). Owing to those convictions, Robinson's Criminal History score was V (five), and Probation then added 2 points for committing the 19-cr-176-MSS criminal acts as provided under USSG §4A1.1(d). (DE. 40 at 12 ¶35, 36). Those additions brought Robinson's Criminal History points to 7 which, under the USSG Sentencing Table, determined that Robinson had a Criminal History Category of IV (four). (DE. 40 at 12 ¶35, 36).

Based on a total Offense Level of 15 and a Criminal History Category of IV, Robinson's Guideline range for sentencing was 30-37 months. There was a 10-year maximum term of imprisonment. 18 USC §924(a)(2). (DE. 40 at 20 ¶88, 89).

United States Probation prepared a draft PSR; counsel filed objections, and Probation filed a final PSR reflecting the objections and responses to those objections. (DE. 40 [SEALED]).

On March 13, 2023, Robinson's sentencing hearing was held before district court Judge Jung who listened to the objections of counsel and ruled that Robinson's Total Offense Level was 15 and Robinson's Criminal History Level was IV (4). (DE. 64 at 1-6). The Government requested an upward variance owing to Robinson's criminal history and asked Judge Jung to sentence Robinson to 48 months incarceration; Robinson's attorney argued for him, and Robinson declined to speak on his own behalf. (DE. 64 at 6-9). Judge Jung sentenced Robinson to serve 66 months incarceration (5.5 years) consecutive to Robinson's prior case 19-cr-176-MSS. (DE. 64 at 8-12). Judge Jung then advised Robinson of post-sentence matters, and

Robinson's attorney again objected to the upward variance to preserve that objection for appeal. Last, Judge Jung issued a Final Order of Forfeiture. (DE. 37). The judge also filed a SEALED Statement of Reasons that specifically sets forth his reasons for the sentence and upward variance. (DE. 53). The Notice of Appeal was filed timely. (DE. 54).

## THE SENTENCING

## Statement Of Facts And Potential Arguable Issues

### I.

This issue addresses whether the district court erred and abused its discretion in denying Robinson's objection to the imposition of a Specific Offense enhancement of +4 levels pursuant to 18 U.S.C. § 922(g)(1), USSG § 2K2.1(b)(6)(B) owing to Probation's finding that Robinson possessed a firearm while also possessing 121 grams (approximately 4.5 ounces) of marijuana.

## II.

The question in this potential issue is whether the district court adequately considered all applicable factors identified under Title 18 U.S. Code 3553(a)(1) through (7), in determining whether the sentence imposed was sufficient but not greater than necessary to comply with the statutory purposes of sentencing and for the upward variance.

Re: Potential Issue I:

Robinson filed objections before sentencing and orally objected at sentencing to the 4-point enhancement under 18 U.S.C. § 922(g)(1) and USSG § 2K2.1(b)(6)(B).

Robinson's attorney, Ms. Wright, argued to the court that "the four-point enhancement that was applied under the theory that Mr. Robinson should be held accountable for the marijuana that was in the backpack…. his co-defendant was actually held accountable for all of the substances that were in the car." (DE. 64 at 4). Ms. Wright concluded that "those four points not be applied to Mr. Robinson. It wasn't his vehicle, it was not on him, and obviously he has been held accountable for the firearm." (*Id*).

A search of the vehicle revealed a backpack, in which the controlled substances were found, located in the passenger side footwell of the stolen vehicle, next to a loaded Springfield XDS (HS Produkt) .45 caliber pistol, which bore a latent print belonging to Robinson. Robinson's wallet and Florida Identification were found on the passenger seat in close proximity to the backpack and the .45 caliber XDS pistol. Two XD-series .45 caliber magazines, manufactured by Springfield and compatible with the XDS .45 caliber pistol, were located inside the backpack. In the center console 2 pink pills (.5 grams) were located that field tested positive for MDMA. (DE. 40 at 6, 19, 27-28).

Robinson objected to this enhancement saying:

Robinson was a passenger in a stolen vehicle. He was not the driver. He admitted to possession of the firearm. Fingerprint analysis showed contact or possession of the firearm.

Despite proximity to the book bag to the passenger seat when the car was searched, Robinson was not charged in Federal or State court with possession of marijuana, There was no marijuana on his person. He was not observed in possession of the bookbag. His ID and wallet were in the passenger seat, not the bookbag.

The enhancement is attached to the marijuana located inside a black backpack found on the passenger (front) floorboard. There is no evidence Robinson put the backpack in that

location, or had knowledge of its contents prior to the stop. There is no fingerprint or DNA analysis connecting Robinson to the backpack or any DNA on any of the items inside: digital scale, 2 XD 45 caliber magazines.

Robinson makes the same argument of lack of contact, control, and knowledge of items in the center console of a stolen vehicle that was not in his possession. There is no evidence of how long Robinson was in the vehicle before the stop. These items are in proximity to the passenger seat, but they are in enclosed areas and enclosed containers. (DE. 40 at 31, Page 2).

The Government replied to that objection:

Section 2K2.1(b)(6)(B) calls for a four-level enhancement, if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." Application note 14(A) provides that subsection (b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." The sentencing court, to apply subsection (b)(6)(B) need not find that the defendant, when possessing the gun, intended to use it in a future felony. See *United States v. Stafford*, 721 F.3d 380, 401 (6th Cir. 2013).

Application note 14(B) sets forth rules concerning "in connection with" for certain types of cases. Application note 14(B)(i) provides that subsection (b)(6)(B) applies in a case where "a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." Apropos to the instant case, application note 14(B)(ii) also provides that subsection (b)(6)(B) applies in "the case of a drug trafficking offense in which a firearm is found in "close proximity" to drugs, drug-manufacturing materials, or drug paraphernalia." The Commission's reason for the

special rules is that in these cases, "the presence of the firearm has the potential of facilitating another felony offense."

No additional facts were offered by either counsel, the district court adopted the PSR, and the court denied the objections. The court concluded:

> I appreciate the objection and it's well stated, but I overrule it.  I find that as these facts are, Mr. Robinson had to be kicking that bag if it was -- when it was found, it was on the passenger floorboard, and that's where his feet would have been, and that's where his gun was. And his ID was, I think, on the passenger seat itself.  So I find there is a close proximity.  And based upon a preponderance of the evidence, the facts do establish that enhancement. (DE. 64 at 5).

Undersigned counsel appellate has reviewed and considered the record facts of the objections and applicable legal authority.  In challenges to sentencing decisions, the Court reviews a district court's determinations of law *de novo* and its findings of fact for clear error. *United States v. Barrington*, 648 F.3d 1178, 1194–95 (11th Cir. 2011). The district court's finding that a firearm was possessed "in connection with" another felony is a factual finding that this Court reviews for clear error.  *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019).The Government's burden of proof to support the enhancement

is by 'a preponderance of the evidence.' *United States v. Dimitrovski*, 782 F.3d 622, 629 (11th Cir. 2015).

Perhaps, had there been a Motion to Suppress or other evidentiary hearing to elicit additional facts to support Robinson's objections, the district court would have been able to make a more detailed factual record for appellate review. *See, Bishop*, *supra*; *United States v. Martinez*, 964 F.3d 1329, 1338-40 (11th Cir. 2020); *United States v. Beckles*, 565 F.3d 832, 843-44 (11th Cir. 2009); *United States v. McCaskill*, ___ F.3d ___ (11th Cir. Case 21-11144, decided March 15, 2022). However, in the instant case, the district court relied on the facts before it, and Judge Jung made the decision to impose the enhancement. Unlike *Bishop,* where the court "applied the enhancement based solely on the proximity between Bishop's firearm and one hydromorphone pill," Judge Jung recognized and, only in part relied on proximity, while also finding that the firearm facilitated, or had the potential of facilitating Robinson's possession.

Re: Potential Issue II:

The Government next presented its position to the court and requested an upward variance:

> Your Honor, the government believes that the advisory guideline range is not sufficient in this particular case. And I will go through just some reasons why I believe that an upward variance is warranted here, Your Honor….
>
> Mr. Robinson unfortunately carries with him a very significant criminal history. Not only that, Your Honor, the instances of possession of firearms and transfers of firearms is very concerning for the government, very concerning for our position to protect the citizens of this district.
>
> Now, I will just cite to a few examples. Going back sadly until when Mr. Robinson was 12 years old, possession of a firearm in 2013; when he was 14 years old, possession of a firearm, 2015. That really continued, and Mr. Robinson picked up his first federal case in I believe 2019. And the facts of that case, Your Honor, are not insignificant and they are worth repeating here.
>
> He sold a Glock 40 -- a Glock 27, 40 cal that was configured with a single pull action, meaning it's a fully automatic weapon. And these are dangerous, deadly, devastating firearms that can inflict just mass harm. And that was his first federal case. So he went on probation for that. He did a sentence of 30 months. He went on probation, and he found himself again with another firearm.
>
> THE COURT: You missed a point on that. It also had an obliterated serial number.

MR. CHEE:  Yes, sir, it had an obliterated serial number and an extended clip.

Fast forward, he serves his prison sentence.  He's on probation.  Mr. Robinson is arrested again for a firearm offense again with a Glock 27, 40 cal.  This time it also had an extended firearm, extended magazine.  I don't believe it was the same firearm.  The same model but it was – the identical firearm, but it was the same model.

Now, Your Honor, there is even more conduct that Mr. Robinson wasn't charged for.  There was some no info.  There were some juvenile cases that were never charged.   They also involved firearms, robberies, et cetera.

I say all this, Your Honor, to emphasize I do think an upward variance is warranted.  I don't think 37 months is a sufficient sentence to protect the community.  And I relayed this to Mr. Robinson beforehand so this isn't coming as a surprise.  So I am asking for an upward variance for protection of the community and as a deterrent.

Mr. Robinson is young enough that when he comes out of this, there is hope that he can hopefully find the right path, but as of now it is not a good path, and I think the Court needs to give him a sentence that is commensurate with his crime now, his history, and to protect the public.

For that reason I'm asking for an upward variance, and I'm asking for a sentence of 48 months, which I do think still is probably lower than it should be, but in consideration of some of the items that Ms. Wright skillfully put forth in her sentencing memorandum, I settle to that number which I do think could be higher.  So for those reasons I ask the Court to vary upward and impose a sentence of 48 months.  (DE. 64 at 6-8).

The court then addressed Ms. Wright who provided numerous §3553 details that she believed supported her request for a guideline sentence. The maximum term of imprisonment was 10 years. 18 U.S.C. §924(a)(2). (DE. 40 at 20, ¶88). Probation's finding of a Total Offense Level of 15 and a Criminal History Category of IV, established a prospective sentence of 30-37 months imprisonment which could be imposed to run concurrently, partially concurrently or consecutively to Robinson's previous undischarged term of imprisonment followed by a three-year period of supervised release. (*Id* at §89, 90).

Ms. Wright proposed that Robinson's criminal history began "at a very young age." (DE. 64 at 9). Robinson "had no father in the home and foster care and on the streets…." (*Id*).Robinson already had "served time in state jail on one of the underlying gun charges and … one federal which …are to some degree consecutive" from different jurisdictions. (*Id*). Robinson was unable to take advantage of opportunities in the Bureau of Prisons when he was incarcerated during COVID. (*Id* at 9). Ms. Wright told the court that Robinson had a learning disability in addition to not finishing school and a mental health diagnosis of some depression and substance abuse." (*Id* at 10).

14

As the court remarked, Ms. Wright wrote a very trenchant sentencing memorandum which I thought was very good." (*Id*).  The sentencing memorandum, that clearly had been read by Judge Jung, spoke to Robinson's upbringing: "Robinson and multiple siblings were removed from Robinson's parents for child abuse; Robinson was "partially raised by grandparents, and eventually separated in foster care; Robinson grew up "street exposed and engaged in criminal activity and substance abuse as early as age 12; Robinson was a "'runaway' and juvenile offender in foster care;" Robinson had no employment; Robinson was homeless by the time he was 14 and lived with girlfriends; Robinson "attended special needs or learning disability schools" for a limited period of time, and at one time, he "reported he received drug treatment." (*Id* at 43). Robinson had been examined by Dr. McLain whose diagnostic impressions were "Major Depression Recurrent— Posttraumatic Stress Disorder—Intellectual Developmental Disorder-Cannabis Disorder—Stimulant use Disorder." (DE. 43 at 2).

Robinson declined to make any personal presentation to the court.  (DE. 64 at 10).

Judge Jung listened carefully and then he spoke at some length on the reasons for the sentence he was about to impose. Robinson's attorney argued for him saying; "So I would just ask the Court to at least consider the government's generous recommendation in the 48 range if the Court is inclined, but I believe given that he's served his time previously on these other charges that a guideline sentence even at the high end, Judge, would be sufficient." (DE. 40 at 10).

However, Judge Jung referred to Robinson's extensive criminal record and to the previous offenses that happened quickly, one after the other, after his release from 30 months on a firearms charge, he believed that the Government's request for an upward variance was appropriate. Judge Jung said:

> So this charge that we are here today on happened December 26, 2021.
>
> MS. WRIGHT: Correct.
>
> THE COURT: So the day after Christmas.
>
> MS. WRIGHT: Right.
>
> THE COURT: So the state charge that he got 239 days credit, time served, eight months happened two weeks later. So they are not the same charge.
>
> MS. WRIGHT: They are not.

THE COURT:  So I will call it the federal charge, the one we are here on happened the day after Christmas.  And then he got a different gun and two weeks later had it again, and that's where this state charge came from.  So I just want to make sure.  So these aren't separate crimes.  This is a crime that happened two or three weeks before the other one.

MS. WRIGHT:  His federal charge, yes, Your Honor.  It confused me too.

THE COURT:  Anything else from the defense, Ms. Wright?

MS. WRIGHT:  No, Your Honor.

THE COURT:  Well, the government never asks for an upward variance.  One is appropriate here because on the – I call it the MSS federal sentence, that was a 30-month sentence.  The Case Number is 19-cr-176-MSS.  So Mr. Robinson got out of prison on that.  It was 30 months.  It was a machine gun with no serial number, or a pistol made into a machine gun, no serial number.  And then less than three months after he was released from prison on the MSS charge, he was arrested for battery.  And then two months after that he was arrested for -- he had the state -- or this charge, and then he had the state charge, and two of those involved firearms.  There are a lot of firearms in this history here.

Anyway, the Court has heard from the parties and/or asked the defendant why judgment shouldn't be pronounced and has reviewed the pre-sentence report and the advisory guidelines.  And pursuant to 3551 and 3553, it is the judgment of the Court -- and I would also say on the variance, the very quick recidivism that happened after the machine gun case shows an inability to submit to supervision and certainly a complete inability to control one's conduct without recidivism.  So there is upward variance for that reason, for recidivism, public safety need, and to invoke respect for the law that Mr.

Robinson is committed to the Bureau of Prisons with an upward variance for a term of 66 months.

This term runs consecutive to the term of imprisonment in the MSS case, which was one year, 19-cr -- it's probably mostly expended. I don't know. Concurrent -- I'm sorry -- consecutive to 19-cr-176-MSS. Upon release from imprisonment, there is a three-year term of supervised release.

## THE STANDARDS OF REVIEW FOR A BRIEF UNDER
## *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)

When counsel files a brief pursuant to *Anders v. California*, 386

U.S. 738 (1967),

> [T]he court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned … On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision afford the indigent the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744; *See also United States v. Blackwell*, 767 F.2d

1468, 1488, holding that "[c]ounsel should review the record in this

case and, setting aside [her] independent and presumably unbiased

view of those proceedings, submit for our attention any irregularities which may arguably give rise to appellate grounds."

The standard of review for a sentence imposed is reasonableness and whether the district court committed a procedural error such as failing to calculate the guideline range correctly. *Gall v. United States*, 552 US. 38, 51 (2007). The district court must treat the guidelines as advisory, consider the Section 3553(a) factors, not select a sentence on erroneous facts, and must adequately explain the sentence.

A court abuses its discretion by imposing a substantively unreasonable sentence when it fails to consider relevant factors that were due significant weight, (2) giving an improper or irrelevant factor significant weight, or (3) committing a clear error of judgment by balancing proper factors unreasonably. *United States v. Irey,* 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

The district court is required to evaluate all of the 3553(a) factors. The weight accorded to each factor is within the sound discretion of the of the district court. *United States v. Ramirez Gonzalez* 755 F.3d 1267, 1272-73 (11th Cir. 2015). Under the abuse of discretion standard

this Court will affirm any sentence that falls within the range of reasonable sentences, even if it would have found a different sentence should have been imposed. This Court expects a sentence within the guidelines range to be reasonable. *United States v. Hunt,* 526 F.3d 739, 746 (11ᵗʰ Cir. 2008). A sentence below the statutory maximum is another indicator of a reasonable sentence. *See, United States v. Gonzalez*, 550 F.3d 1319, 1324 (11ᵗʰ Cir. 2008).

Review of the sufficiency of the evidence when the district court has denied a motion for judgment of acquittal is *de novo. United States v. Browne*, 505 F.3d 1229, 1253 (11ᵗʰ Cir. 2007). In reviewing a challenge to the sufficiency of the evidence, the Court will view the evidence in the light most favorable to the prosecution and draw "all reasonable inferences and credibility choices in its favor." *Ibid.* This inquiry does not require that the evidence be inconsistent with "every reasonable hypothesis except guilt." *Id.* The court will uphold a denial of judgment of acquittal and affirm a guilty verdict, if "any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 433 U.S. 307 (1979).

# SUMMARY OF THE ARGUMENT,
# ARGUMENT, AUTHORITIES and DISCUSSION

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), a frivolous appeal is one without arguable merit. If, after counsel makes a "conscientious examination" of the entire record on appeal, she concludes that an appeal would be frivolous, then counsel's duty is to prepare a brief that sets out any irregularities in the trial process or other potential error which in the judgment of the client, another attorney, or the Court, might be arguably meritorious. *Penson v Ohio*, 488 U.S. 75, 80 (1988); *United States v. Blackwell*, 767 F.2d 1468, 1487-88. Upon receiving an *Anders* brief, the reviewing court must conduct a full examination of the record to decide whether, after that inquiry is complete, it may consider the appeal on the merits. *See United States v. Gholston*, 932 F.2d 904 (11th Cir. 1991).

Here, after diligent review of the entire record on appeal, the undersigned attorney has been unable to find any non-frivolous argument that could be presented on appeal in good faith. Nevertheless, undersigned counsel has advised this Court of potential arguable issues that undersigned counsel believes exist but that have

insufficient merit under the facts and applicable law. Undersigned counsel thus presents no Argument except as that set forth, above.

## **CONCLUSION**

Undersigned counsel for Robinson presents "what is perhaps the most unsettling circumstances which may confront an advocate under our adversary system of justice, counsel's motion to withdraw from representation of her client on appeal upon her conscientious belief that the appeal is frivolous." *United States v. Blackwell*, 767 F.2d 1468, 1487 (11th Cir. 2085), citing *Anders v. California,* 386 U.S. 738 (1967).

This case presents both personal facts about Robinson that would tug on the heartstrings of any conscientious person as well a criminal history that begins at age 9 with the possession of cannabis that exponentially increased in number of criminal acts and violence until his conviction in the instant case at aged 22.

Undersigned counsel faithfully has researched applicable legal authority relating to these issues and carefully has examined the facts as they may be considered within the law, and after a diligent, assiduous, close, and conscientious reading, review, and analysis of

the case at bar, there do not appear to exist any non-frivolous issues that would ordinarily pose a meritorious or good faith review by the Honorable Court in this direct criminal appeal.

There are no non-frivolous issues that arguably can be raised challenging the structural confidence of the proceedings in the district court, the rulings made by the district court, or the absence or lack of due process afforded to all parties at interest.

Pursuant to *Anders v. California*, undersigned counsel requests that the Court grant her leave to withdraw as counsel of record, and asks that the Court afford Mr. Robinson the opportunity, if he so desires, to supplement this appeal raising any issues that he contends may have merit. Counsel certifies that today she has forwarded a copy of this brief to Mr. Robinson accompanied by a copy of her Motion To Withdraw, and a letter advising Mr. Robinson of his right to supplement this brief if he so chooses and telling him of post-decision options and procedures available to him.  In light of the exhaustive review, examination and evaluation of this case by undersigned counsel, this Honorable Court should dismiss this appeal pursuant to *Anders v. California.*

Very respectfully submitted,

/s/ *Patricia Jean Kyle*
Patricia Jean Kyle
CJA Counsel on Appeal
    for Dallas Robinson
36 Meadow Street
Florence, MA 01062
Phone: 305-484-0564
Email: patricia@kylecrimlaw.com
The Florida Bar No. 181993

### Certificate of Word Count and Type Style

I hereby certify that the foregoing Appellant's Brief was prepared in Word for Windows using Century Schoolbook 14-Point Font, and that the relevant portions of the brief contains no more than 4,775 words.

### Certificate of ECF Filing and Service

I certify that the foregoing *Anders* Brief was electronically filed with the Clerk of Court on June 30, 2023, using the ECF system, and that the following will receive notice of this filing via the ECF system: The United States Attorney Service for the Northern District of Florida, Assistant United States Attorneys Robert G. Davies, and all counsel of record who may be registered with ECF in this case.

Four bound paper copies will be mailed to the Clerk of Court.

A copy  will be mailed to LEGAL MAIL, OPEN ONLY IN THE

PRESENCE OF THE INMATE, to  DALLAS ROBINSON

/s/ *Patricia Jean Kyle*
Patricia Jean Kyle
CJA Counsel on Appeal
    for Dallas Robinson
36 Meadow Street
Florence, MA 01062
Phone: 305-484-0564
Email: patricia@kylecrimlaw.com
The Florida Bar No. 181993